Sally Ann DONLEVY; and The City of The Colony, Texas, Appellant and Appellee,

v.

The CITY OF THE COLONY, Texas; and Sally Ann Donlevy, Appellee and Appellant.

No. 2–99–114–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 16, 1999.

William Trantham, Denton, for appellant.

Maris & Lanier, Marigny A. Lanier, Dallas, for appellee.

Panel B: DAY, LIVINGSTON, and HOLMAN, JJ.

## OPINION

SAM J. DAY, Justice.

In this summary judgment appeal, we must determine whether The City of The Colony ("The Colony") established as a matter of law that Sally Ann Donlevy did not report a violation of the law in good faith under the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(a) (Vernon Supp.2000). Because we hold that a reasonably prudent person acting under similar circumstances would not have believed she had reported a violation of law, we affirm the trial court's judgment.

## BACKGROUND AND PROCEDURAL HISTORY

In 1997, Donlevy was employed as a peace officer for The Colony. In November 1997, Lieutenant Mike Carroll, a training officer for The Colony Police Department, requested a transcript reflecting sixty-six hours of college credit that Donlevy allegedly earned at the University of Minnesota. On November 14, 1997, Donlevy submitted a memo to Carroll claiming the transcript was not available because it had been destroyed in a fire during an anti-war demonstration in the 1970s. Carroll later notified Donlevy that her memo did not comply with his request.

On November 20, 1997, Donlevy failed a required firearms qualifications test and received a 15-day suspension. The following day, she attempted to qualify again. Donlevy did so successfully, and the suspension was lifted. On November 24, 1997, Lieutenant Chris Chandler, operations commander for The Colony Police Department, verbally reprimanded Donlevy and put a memo in her personnel file regarding her firearms proficiency. The memo stated Donlevy's shooting skills were substandard and noted that in June 1997, Donlevy had to attempt to qualify twice before she met the minimum standard. Donlevy appealed the reprimand to Joe Clark, chief of The Colony Police Department. In a memo, Donlevy claimed she was experiencing problems with her weapon in June 1997 and complained that Chandler's memo was inaccurate.

On December 5, 1997, Clark denied Donlevy's appeal. Donlevy next appealed to the city manager, claiming Chandler had engaged in a continuing "pattern of harassment."[1] She also alleged the reprimand memo placed in her file by Chandler was "not justified."

On January 7, 1998, Donlevy met with Chandler and Carroll to discuss her failure to produce her college transcript. Donlevy was later discharged by The Colony Police Department for making false statements concerning her academic credentials.

On February 10, 1998, Donlevy filed suit against The Colony, alleging it had unlawfully discharged her after subjecting her to a hostile work environment. After The Colony specially excepted, the trial court sustained the special exceptions and ordered Donlevy to replead. Donlevy filed an amended petition alleging retaliatory discharge under the Texas Whistleblower Act. Specifically, she alleged the reprimand letter placed in her personnel file by Chandler was a "false entry" placed in a government record in violation of section 37.10 of the penal code.[2] The Colony answered and filed a motion for summary judgment. The trial court granted the

---

1. On December 1, 1997, Donlevy was asked to participate in another firearms qualification test. She said Chandler tried to humiliate her during the test by videotaping the results and measuring the target distances with a tape measure.

2. Section 37.10 states that a person commits the offense of tampering with a government record if he knowingly makes a false entry in a government record. TEX. PENAL CODE ANN. § 37.10(a)(1) (Vernon Supp.2000).

city's motion without specifying the ground or grounds relied on by the court.

On appeal, Donlevy contends The Colony failed to establish as a matter of law that (1) Donlevy did not report a crime, and (2) Donlevy did not have a good faith belief that she was reporting a violation of the law.[3]

## STANDARD OF REVIEW

The standard for reviewing a summary judgment is well-established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Star Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). The Colony's motion for summary judgment alleged Donlevy could not prevail under the Whistleblower Act because the evidence established as a matter of law that (1) Donlevy did not report a violation of the law, and (2) Donlevy did not believe in good faith that she had reported a violation of the law. Therefore, we will consider whether either theory supports summary judgment, viewing the evidence in a light most favorable to Donlevy.

## THE WHISTLEBLOWER ACT

Under the Whistleblower Act, a "state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who *in good faith* reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (emphasis added). "Good faith" means that (1) the employee believed the conduct reported was a violation of law, and (2) the employee's belief was reasonable in light of the employee's training and experience. *See Wichita County, Texas v. Hart*, 917 S.W.2d 779, 784–86 (Tex.1996). The first part of this definition goes to the employee's subjective belief; the latter part is met by showing that a reasonably prudent employee in similar circumstances would have believed that the facts as reported were a violation of law. *See id.* at 784–85. Because a peace officer has more experience than other individuals in deciding whether an act is a violation of law, the reasonableness of a peace officer's belief that a law has been violated will be examined more closely than the belief of someone in a non-law enforcement profession. *See Harris County Precinct Four Constable Dep't v. Grabowski*, 922 S.W.2d 954, 956 (Tex. 1996).

After reviewing the record, we conclude The Colony established as a matter of law that Donlevy did not believe in good faith that she had reported a violation of the law. Even if Donlevy subjectively believed a law had been violated,[4] this belief

---

3. The Colony also filed cross-points alleging the trial court erred in overruling its special exceptions to Donlevy's summary judgment response and in overruling its objections to inadmissible hearsay in Donlevy's summary judgment evidence. Due to our disposition in this case, however, we need not decide these issues.

4. Donlevy stated in her deposition testimony that another officer told her that putting a disciplinary warning that contained a falsehood in an officer's personnel file was a violation of the law. She also said that it was her intent in November 1997 to report a violation of the law.

was not reasonable. Donlevy's appeal memos did not reference any law that she believed had been violated. She did not seek any remedial action other than to have the letter of reprimand removed from her personnel file and to eliminate the hostile environment allegedly created by Chandler. No one else was involved in the disciplinary action reported by Donlevy, and she acknowledged that only her personal interests were affected by it. Furthermore, Donlevy openly admitted at her deposition that she did not know in November 1997, or at the time of the deposition in September 1998, what law she believed Chandler had violated by putting an "inaccurate" disciplinary warning in her personnel file. *Cf. Grabowski*, 922 S.W.2d at 956 (holding plaintiff's belief that he had reported a violation of the law was not reasonable in light of his experience as a peace officer; plaintiff presented no evidence of a law he believed defendant had violated other than an internal department policy, and plaintiff admitted he did not know of any law violated by the defendant).

Based on these undisputed facts, we conclude no reasonably prudent police officer would have believed that Donlevy was reporting a violation of the law by filing an appeal memo complaining about a reprimand that she thought was "not justified." Because Donlevy's "report" was not made in good faith as required by the Whistleblower Act, the trial court did not err in granting The Colony's motion for summary judgment. We overrule Donlevy's issues on appeal and affirm the trial court's judgment.