TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00208-CV






Howard W. Stanford, Appellant



v.



Del Asmussen, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 22,346, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING 







 In this interlocutory and accelerated appeal, Howard W. Stanford challenges the 
district court's order denying his motion for summary judgment based on official immunity. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West Supp. 2000); Tex. R. App. P. 28.1. 
Because we conclude Stanford established his official immunity as a matter of law, we reverse the
district court's denial of his summary judgment and render judgment that Stanford is immune from
Del Asmussen's claims. 


Factual Background


 On September 1, 1995, Stanford (1) hired Asmussen as a supervisor of the M.D.
Anderson Cancer Center Research and Education Facilities physical plant in Bastrop, Texas. 
Asmussen's alleged performance problems began a few months after he began as the facility's
supervisor. On January 5, 1996, Stanford prepared a written evaluation detailing Asmussen's
performance deficiencies. The evaluation listed problems in the areas of communication,
cooperation, managerial skills, project work management, and safety. On January 19, Stanford
placed Asmussen on official disciplinary notice for his performance problems effective for twelve
months. The disciplinary notice provided specific performance goals for Asmussen to attain in
order to be removed from the disciplinary status and retained as an employee. On February 23,
Stanford met with Asmussen to discuss the areas of Asmussen's performance which continued to
require improvement. Stanford prepared a memorandum following the meeting which specifically
informed Asmussen that the disciplinary notice remained in effect until "substantial improvements
are noted." In July 1996, Stanford informed Asmussen that he would most likely be terminated
due to poor performance. Stanford provided Asmussen with a written memorandum on August
21 informing him of his intent to terminate him and providing Asmussen with an opportunity to
respond. (2) Stanford terminated Asmussen on August 22 for unsatisfactory job performance. 

 Asmussen appealed his termination. After a hearing and an opportunity to present
evidence, the hearing committee upheld the termination, which was affirmed by the vice president
and president of M.D. Anderson. Asmussen filed a complaint with the Texas Commission on
Human Rights and, after receiving his notice of right to file a civil action from the Commission,
Asmussen filed this lawsuit alleging his termination by Stanford constituted age discrimination in
violation of Texas Labor Code § 21.001 et seq. and intentional infliction of emotional distress. 
Stanford moved for summary judgment on the ground of official immunity which the district court
denied. Stanford brings this interlocutory and accelerated appeal of the denial of his motion for
summary judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West Supp. 2000);
Tex. R. App. P. 28.1.


Discussion


Official Immunity

 Government employees are entitled to official immunity from suit arising from: 
(1) the performance of their discretionary duties, (2) performed in good faith, and (3) within the
scope of their authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). 
When a defendant moves for summary judgment on the affirmative defense of official immunity,
the defendant must conclusively prove each element of the defense as a matter of law. Chambers,
883 S.W.2d at 653; see Tex. R. Civ. P. 166a(c). If the defendant meets this burden, the plaintiff
must then produce evidence raising a genuine issue of material fact to avoid the affirmative
defense. Alamo Workforce Dev., Inc. v. Vann, No. 04-99-00762-CV, slip op. at 3 (Tex.
App.--San Antonio, March 15, 2000, no pet. h.); Gonzalez v. City of Harlingen, 814 S.W.2d 109,
112 (Tex. App.--Corpus Christi 1991, writ denied). We accept as true all evidence supporting the
non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). All
inferences are indulged in favor of the non-movant and all doubts are resolved in his favor. Id. 

 The long-standing rule in Texas is that employment for an indefinite term may be
terminated at will and without cause. Winters v. Houston Chronicle Pub. Co., 795 S.W.2d 723,
723 (Tex. 1990). Asmussen did not dispute that his termination was a discretionary act by
Stanford or that Stanford was acting within the scope of his employment. The only issue then is
whether Stanford acted in good faith when he terminated Asmussen. The test for good faith (3) of
a government official is whether, under the same or similar circumstances, a reasonable
government official could have believed that his actions were lawful based upon the information
he possessed at the time of his conduct. Chambers, 883 S.W.2d at 656. The official need not
prove that it would have been unreasonable to take a different action or that all reasonably prudent
officials would have made the same decision. Neimes v. Ta, 985 S.W.2d 132, 144 (Tex.
App.--San Antonio 1998, pet. dism'd by agr.). Good faith can be established as a matter of law
when the official's factual recitation is otherwise supported by the evidence. Alamo Workforce
Development, No. 04-99-00762-CV, slip op. at 10. Good faith may also be established as a
matter of law, despite an affidavit's failure to employ the objective words recommended by
Chambers, if reasonable minds could not differ from the conclusion drawn from the underlying
facts. Id. at 10-11.

 In order to controvert the official's summary judgment proof on good faith, the
plaintiff must do more than show that a reasonably prudent official could have decided to take the
action; the plaintiff must raise a fact issue that "no reasonable person in the defendant's position
could have thought the facts were such that they justified the defendant's acts." Chambers, 883
S.W.2d at 657 (citing Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993)). If
officials of reasonable competence could disagree on the issue (of termination), then immunity
should be recognized. Malley v. Briggs, 475 U.S. 335, 341 (1986). 

 Stanford supported the motion for summary judgment with his own affidavit. Part
of Stanford's job required him to evaluate, discipline and direct Asmussen's job performance. 
Stanford outlined two incidents which prompted him to discipline Asmussen. Stanford testified
that the facility experienced a problem with its heating unit in December 1995. The problem
endangered the health and safety of the laboratory animals. According to Stanford, Asmussen
failed to require an on-call employee to report to the facility immediately in order to remedy the
problem. This resulted in a delay in the repair and compromised the animals. After the incident,
Stanford requested Asmussen to discipline the on-call employee, which Asmussen refused to do. 
 The facility also experienced a problem with its natural gas supply. The natural
gas supplied to the facility was not odorized, preventing the detection of a leak. Asmussen failed
to act promptly to remedy the problem for several months endangering the employees and animals
at the facility. Asmussen's inaction forced Stanford to remedy the problem himself. 

 As a result of these incidents, four months after Asmussen began his employment
as supervisor, Stanford placed Asmussen on official notice, effective for twelve months, that his
job performance did not meet the requirements of the position. Stanford prepared a memorandum
detailing problems with Asmussen's performance in the areas of communication, cooperation,
managerial skills, project work management, and safety. The memorandum identified Asmussen's
problems in communicating with all levels of staff at the facility. Stanford also detailed
Asmussen's lack of cooperation and failure to follow directions given by his superiors, as well
as Asmussen's failure to bring the facility into compliance with certain safety requirements. 

 In February 1996, Stanford met with Asmussen to discuss the areas of his
performance which had improved and those which continued to be unsatisfactory. Stanford
informed Asmussen in writing that the earlier twelve-month disciplinary period remained in effect,
despite improvement in some areas. According to Stanford, although he continued to counsel
Asmussen, his performance remained unsatisfactory. By August, most of Asmussen's
performance problems identified by Stanford still existed. Stanford testified that after careful
deliberation he determined it was necessary to terminate Asmussen due to his poor job
performance. 

 The evidence suggests that Stanford believed he had a valid basis for terminating
Asmussen, and that he acted in good faith. Stanford outlined many areas of Asmussen's job
performance which did not satisfy the requirements of his position. Because Stanford established
good faith, the burden shifted to Asmussen to submit summary judgment evidence that no
reasonable person in Stanford's position could have believed his conduct to be reasonable in light
of the information possessed by Stanford at the time of the termination. See Chambers, 883
S.W.2d at 656. 

 Asmussen presented his own affidavit and a report of his expert witness, Whitney
Smith, in opposition to Stanford's motion. Asmussen did not dispute the incidents identified by
Stanford as the reason for placing Asmussen on official notice. Other than contending that
Stanford did not want Asmussen working in Stanford's department at all, Asmussen's affidavit
wholly fails to address the "reasonable supervisor" standard enunciated in Chambers. See
Chambers, 883 S.W.2d at 656. His affidavit fails to present evidence that no reasonable person
could have believed the facts justified the termination. Asmussen did not dispute the incidents
giving rise to his original disciplinary action. He simply stated that he had never been accused
of being insubordinate before this job, and that he must have been performing his job to a
satisfactory level given his one favorable evaluation in June. 

 Smith's report concludes, based on a satisfactory job performance review in June
1996, "[i]t is impossible to believe that the Plaintiff's performance could deteriorate so seriously
within the space of two months that he would lose his job based upon poor performance." Smith
does not dispute the incidents precipitating the official notice or the poor performance reviews
received by Asmussen. Smith's affidavit is silent on the sole issue that Asmussen was required
to prove--that no reasonable supervisor in Stanford's position would have believed under the facts
known to Stanford that the termination was warranted. We conclude that Asmussen failed to
controvert Stanford's summary judgment proof. 

 We conclude that a reasonable person in Stanford's position could have believed
the termination was justified. According to Stanford's summary judgment evidence, Asmussen's
conduct had endangered the employees and animals at the facility. Asmussen also failed to follow
instructions from his superior. Despite Stanford's attempts to work with Asmussen after problem
areas were identified, Asmussen's performance did not improve. Accordingly, we conclude that
Stanford acted in good faith in terminating Asmussen. 


Conclusion


 We hold that the summary judgment evidence establishes as a matter of law that
a person in Stanford's position could have believed his conduct in firing Asmussen was
reasonable. Having established the only element of his affirmative defense which was challenged
as a matter of law, we conclude Stanford is entitled to official immunity from Asmussen's claims
for intentional infliction of emotional distress and discrimination claims. We reverse the district
court's denial of Stanford's motion for summary judgment and render judgment that Stanford is
immune from Asmussen's claims. 



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

Filed: July 27, 2000

Do Not Publish
1. Stanford is the Director of Research and Education Facilities for M.D. Anderson Cancer
Center.
2. Stanford requested a response from Asmussen within four hours of issuing his
memorandum. Asmussen did not respond within the time requested by Stanford; rather, he
responded seven days after he was terminated. 
3. We disagree with Asmussen's reliance on Wichita County v. Hart, 917 S.W.2d 779, 784
(Tex. 1996), which defined good faith as meaning (1) the employee believed that the conduct
reported was a violation of the law and (2) the employee's belief was reasonable in light of the
employee's training and experience. Hart discusses the good faith required for reporting a
violation of the law in a Whistleblower Act case and cites Chambers for the definition of good
faith in an official immunity context. Id. at 785. 



nford testified that after careful
deliberation he determined it was necessary to terminate Asmussen due to his poor job
performance. 

 The evidence suggests that Stanford believed he had a valid basis for terminating
Asmussen, and that he acted in good faith. Stanford outlined many areas of Asmussen's job
performance which did not satisfy the requirements of his position. Because Stanford established
good faith, the burden shifted to Asmussen to submit summary judgment evidence that no
reasonable person in Stanford's position could have believed his conduct to be reasonable in light
of the information possessed by Stanford at the time of the termination. See Chambers, 883
S.W.2d at 656. 

 Asmussen presented his own affidavit and a report of his expert witness, Whitney
Smith, in opposition to Stanford's motion. Asmussen did not dispute the incidents identified by
Stanford as the reason for placing Asmussen on official notice. Other than contending that
Stanford did not want Asmussen working in Stanford's department at all, Asmussen's affidavit
wholly fails to address the "reasonable supervisor" standard enunciated in Chambers. See
Chambers, 883 S.W.2d at 656. His affidavit fails to present evidence that no reasonable person
could have believed the facts justified the termination. Asmussen did not dispute the incidents
giving rise to his original disciplinary action. He simply stated that he had never been accused
of being insubordinate before this job, and that he must have been performing his job to a
satisfactory level given his one favorable evaluation in June. 

 Smith's report concludes, based on a satisfactory job performance review in June
1996, "[i]t is impossible to believe that the Plaintiff's performance could deteriorate so seriously
within the space of two months that he would lose his job based upon poor performance." Smith
does not dispute the incidents precipitating the official notice or the poor performance reviews
received by Asmussen. Smith's affidavit is silent on the sole issue that Asmussen was required
to prove--that no reasonable supervisor in Stanford's position would have believed under the facts
known to Stanford that the termination was warranted. We conclude that Asmussen failed to
controvert Stanford's summary judgment proof. 

 We conclude that a reasonable person in Stanford's position could have believed
the termination was justified. According to Stanford's summary judgment evidence, Asmussen's
conduct had endangered the employees and animals at the facility. Asmussen also failed to follow
instructions from his superior. Despite Stanford's attempts to work with Asmussen after problem
areas were identified, Asmussen's performance did not improve. Accordingly, we conclude that
Stanford acted in good faith in terminating Asmussen. 


Conclusion


 We hold that the summary judgment evidence establishes as a matter of law that
a person in Stanford's position could have believed his conduct in firing Asmussen was
reasonable. Having established the only element of his affirmative defense which was challenged
as a matter of law, we conclude Stanford is entitled to official immunity from Asmussen's claims
for intentional infliction of emotional distress and discrimination claims. We reverse the district
court's denial of Stanford's motion for summary judgment and render judgment that Stanford is
immune from Asmussen's claims. 



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

Filed: July 27, 2000

Do Not Publish
1. Stanford is the Director of Research and Education Facilities for M.D. Anderson Cancer
Center.
2. Stanford requested a response from Asmussen within four hours of issuing his
memorandum. Asmussen did not respond within the time requested by Stanford; rather, he
responded seven days after he was terminated. 
3. We disagree with Asmussen's reliance on Wichita County v. Hart, 917 S.W.2d 779, 784
(Tex. 1996), which defined good faith as meaning (1) the employee believed that the conduct
reported was a violation of