IN THE
TENTH COURT OF APPEALS



No. 10-13-00244-CV

**TEXAS DEPARTMENT OF AGING AND
DISABILITY SERVICES,**

Appellant

v.

**LEEANN HUSE,**

Appellee

**From the 77th District Court
Limestone County, Texas
Trial Court No. 30,095-A**

## MEMORANDUM OPINION

The Texas Department of Aging and Disability Services (DADS) appeals from the

trial court's order denying its plea to the jurisdiction. We reverse the trial court's order.

**Background Facts**

Lee Ann Huse was employed as a director of the Mexia State Supported Living

Center. The United States Department of Justice filed suit against the State of Texas in

the United States District Court for the Western District of Texas concerning the care of

residents in the State facilities. The United States, the State of Texas and DADS entered into a Settlement Agreement on behalf of each of its state mental retardation facilities, including the Mexia facility. On March 22, 2010, Huse claims that she made a report that her employer had not complied with the Settlement Agreement. Huse was terminated from her employment on May 4, 2010.

Huse initiated a grievance to contest the termination, and the Texas Health and Human Services Commission Appeals Division agreed with the decision to terminate Huse's employment. Huse filed suit against DADS alleging improper termination under the "Whistle Blower Act" and seeking "Review of Employment Discharge Decision and Retaliatory Discharge." DADS filed a plea to the jurisdiction, and the trial court denied the plea.

## Plea to the Jurisdiction

In the sole issue, DADS argues that the trial court erred in denying its plea to the jurisdiction. The State and other state agencies are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). A statute waives immunity from suit, immunity from liability, or both. *Id*. Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law. *Id*.

DADS contends that Huse's claims are barred by sovereign immunity for which she has failed to establish any waiver. The immunity provision in the Whistleblower Act states:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

TEX. GOV'T CODE ANN. § 554.0035 (West 2012). The standard for a "violation of this chapter" appears in Section 554.002. *State v. Lueck*, 290 S.W.3d at 881. Section 554.002 provides:

> (a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.
>
> (b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> > (1) regulate under or enforce the law alleged to be violated in the report; or
> > (2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002 (West 2012). The elements of Section 554.002(a) can be considered as jurisdictional facts when it is necessary to resolve whether a plaintiff has alleged a violation under the Act. *State v. Lueck*, 290 S.W.3d at 881.

Huse was required to show that she in good faith: 1) reported a violation of law, 2) to an appropriate law enforcement authority. "Law" as used in Section 554.002(a) is defined as:

> (A) a state or federal statute;
> (B) an ordinance of a local governmental entity; or
> (C) a rule adopted under a statute or ordinance.

TEX. GOV'T CODE ANN. § 554.001(1) (West 2012).

In her pleadings, Huse states that she "made a good faith report that her employer had not complied with the Settlement Agreement (the "Agreement") entered into between the United States of America (the "United States") and the State of Texas and the Texas Department of Aging and Disability Services ("DADS"), on behalf of each of its state mental retardation facilities State of Texas which included her facility, Mexia State School." The Settlement Agreement is not a "law" as defined in Section 554.001(1). It is an agreement between the United States and the State of Texas. The Settlement Agreement by its terms was a voluntary effort by the State to meet the concerns of the Department of Justice and to avoid costly litigation. Huse did not report a violation of "law" as contemplated by the Whistleblower Act.

However, an actual violation of law is not required by the Whistleblower Act, but rather a good faith belief that a violation of law has occurred. Good faith in the whistle blower context means that: (1) the employee believed that the conduct reported was a violation of law, and (2) the employee's belief was reasonable in light of the

employee's training and experience. *Wichita County, Texas v. Hart*, 917 S.W.2d 779, 884 (Tex. 1996). Huse alleges in her pleadings that she reported a violation of the Settlement Agreement. Huse was a long time employee of the Mexia facility and was aware of her duty to report violations of law. The record shows that she was familiar with the Settlement Agreement and that she instructed her employees on the terms of the Settlement Agreement. The record does not support a finding that Huse believed she was reporting a violation of law rather than a violation of the Settlement Agreement.

In her petition, Huse claims that she made the report to "Dr. Alan Harchik, an appropriate law enforcement authority designated as a monitor under the 'Agreement'." Section 554.002(b) requires that to be an appropriate law enforcement authority, Dr. Harchik must be "a part of a state or local governmental entity or of the federal government…" TEX. GOV'T CODE ANN. § 554.002(b) (West 2012). The Settlement Agreement is clear that the "monitor" is not a part of a state or local governmental entity or of the federal government. The Settlement Agreement provides that "monitor" "shall have full authority to assess, review, and report independently on the Facility's implementation of and compliance with the provisions of the Agreement and may offer recommendations to aid the Facility in achieving compliance." Therefore, even if Huse did report a violation of law, Dr. Harchik is not an appropriate law enforcement authority to whom such a report should be made. *State v. Lueck*, 290 S.W.3d at 885. Huse read the Settlement Agreement and was familiar with its terms

which expressly provides that Dr. Harchik is not authorized to enforce the Settlement Agreement, but rather may offer recommendations. The record does not support a finding that Huse in good faith reported a violation of law to an appropriate law enforcement authority.

The Section 554.002(a) elements must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act to fall within the Section 554.0035 waiver. *See State v. Lueck*, 290 S.W.3d at 884. Huse's pleadings affirmatively demonstrate that she did not allege a violation under the Whistleblower Act. *See State v. Lueck*, 290 S.W.3d at 885. We sustain DADS sole issue on appeal.

## Conclusion

We reverse the trial court's denial of the plea to the jurisdiction and dismiss the cause for lack of jurisdiction.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed & Dismissed
Opinion delivered and filed May 8, 2014
[CV06]