

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

November 13, 2017

Ms. Shelly Atteberry
Cooke County Auditor
101 South Dixon Street
Gainesville, Texas 76240

Opinion No. KP-0173

Re: Whether an attorney serving a county pursuant to a collection contract under article 103.0031 of the Code of Criminal Procedure may collect delinquent restitution owed to a crime victim (RQ-0166-KP)

Dear Ms. Atteberry:

You tell us that Cooke County (the "County") contracts with a private attorney for collection services under the authority of article 103.0031 of the Code of Criminal Procedure.[1] You ask, when the County "attempts to collect court ordered restitution on behalf of crime victims" and the restitution is not paid, whether the County may turn the case over to the private collection attorney pursuant to article 103.0031. Request Letter at 2. Article 103.0031 authorizes a commissioners court to "enter into a contract with a private attorney or a public or private vendor for the provision of collection services" for a number of criminal fines and fees. TEX. CODE CRIM. PROC. art. 103.0031(a). Relevant here, this authority includes collection of "restitution ordered paid by . . . a court serving the county." Id. art. 103.0031(a)(1)(A). However, you question whether the statute permits the collection of "delinquent restitution that while collected by the County is not owed directly to the County." Request Letter at 1. You explain that your question stems from an attorney general opinion concerning the nature of criminal restitution. Id. at 2. In Attorney General Opinion KP-0019, this office concluded that restitution funds ordered in a criminal judgment by a statutory county court do not "belong" to a county, and thus they are not statutorily required to be deposited with the county treasurer or in the county treasury. See Tex. Att'y Gen. Op. No. KP-0019 (2015) at 2 (referring to section 113.021(a) of the Local Government Code, which mandates that all "fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the person who collects the money"). You ask, in essence, whether the County's non-ownership of the crime victim restitution funds impacts the County's ability to delegate its collection to the attorney employed under article 103.0031. See Request Letter at 1–2.

A court's primary objective when interpreting a statute "is to ascertain and effectuate the Legislature's intent," which a court derives "from the plain meaning of the text construed in light of the statute as a whole." *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 572 (Tex. 2016). Article

---

[1]*See* Letter from Ms. Shelly Atteberry, Cooke Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (June 23, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

103.0031(a)(1)(A) expressly authorizes collection contracts "for . . . restitution ordered paid by . . . a court serving the county." TEX. CODE CRIM. PROC. art. 103.0031(a)(1)(A). A court ordering a convicted defendant to make restitution does so pursuant to the authority granted in article 42.037(a) of the Code of Criminal Procedure, which provides that the court may order the defendant to make restitution to the "victim of the offense" or, in some instances, to a crime victims' compensation fund. *Id.* art. 42.037(a). If the defendant does not make restitution "directly" to the victim or the compensation fund, he or she must make it "directly to the person or agency that will accept and forward restitution payments" as appropriate. *Id.* art. 42.037(g)(4). Thus, in authorizing a court to order criminal restitution, the Legislature recognized that an entity collecting restitution on the victim's or the fund's behalf, such as a county, does not itself own the funds. *See* Tex. Att'y Gen. Op. No. KP-0019 (2015) at 2 (concluding that "the specific language of article 42.037 . . . directs that restitution payments are to be made 'to the victim,' either directly or by way of transfer, suggesting that the money is never meant for use by the county"). We presume the Legislature was aware of this statutory scheme when it included restitution as an authorized item of collection under article 103.0031(a)(1). *See Wichita Cty. v. Hart*, 917 S.W.2d 779, 782 (Tex. 1996) (noting the rule of statutory construction that the Legislature is presumed to act "with complete knowledge of the existing law and with reference to it"). We also presume, as courts do, that the Legislature "chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325–26 (Tex. 2017) (quotation marks omitted). Other than specifying the entity that must have ordered payment of restitution, article 103.0031 contains no other prerequisites regarding restitution. Thus, if "a court serving the county" ordered the restitution, a private attorney under contract with the County under article 103.0031 may collect delinquent restitution owed to a crime victim. TEX. CODE CRIM. PROC. art. 103.0031.

## SUMMARY

If a court serving the County orders a defendant to make restitution to a crime victim and payment is delinquent, a commissioners court may refer the matter to a private collections attorney under contract with the County pursuant to article 103.0031(a)(1)(A) of the Code of Criminal Procedure.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee