# Supreme Court of Texas

No. 20-0700

City of Fort Worth, Texas,
*Petitioner*,

v.

Abdul Pridgen and Vance Keyes,
*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BOYD, dissenting.

Perhaps the Whistleblower Act should limit qualifying reports to exclude reports like those made here. But it doesn't. And because I don't believe this Court has authority to amend the statute to impose such limitations, I generally agree with the court of appeals. __ S.W.3d __, 2020 WL 3286753 (Tex. App.—Dallas June 18, 2020).

As this Court acknowledges, the Whistleblower Act does not limit its protection to those who "report" information that is "novel" or "previously unknown" to the law-enforcement officials who receive the report. *Ante* at ___. Nor does it exclude reports made pursuant to the claimant's "job duties." *Ante* at ___. Instead, it only requires that the

claimant report conduct that the claimant reasonably believes constitutes a violation of law. *Wichita County v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996). So, as the Court explains, the claimant must provide "facts" and "information" about another person's conduct, not merely opinions, conclusions, or recommendations. *Ante* at ___. But here, the claimants submitted some evidence that they reported facts and information (in addition to opinions, conclusions, and recommendations) regarding conduct they reasonably believed constituted legal violations.

The Court says the claimants' reports were insufficient because they were not "geared toward exposing" information, did not "supply . . . new information" the police chief did not already have, and were based on sources to which the chief also had access. *Ante* at ___, ___. Yet the Court acknowledges the Act does not require that the information be "novel" or "previously unknown." *Ante* at ___.

The Court says the reports were insufficient because they were not "geared toward . . . corroborating" facts "that were unverified or subject to dispute," *ante* at ___, ___, suggesting that the information must confirm or support some previously reported information that is doubtful or conflicts with other reported information. But the Act does not impose that requirement either.

The Court says the reports were not "geared toward . . . providing information pertinent to identifying or investigating governmental illegality," *ante* at ___, but that is exactly what the reports did. After reviewing the videos and affidavits, the claimants submitted reports describing the events and concluding that the officer had committed an assault, made a false arrest, used excessive force, committed official

2

oppression, and then committed perjury by lying about the events. To me, that seems pretty pertinent to investigating governmental illegality.

The Court says the claimants' communications consisted "largely" of recommendations and conclusions, *ante* at \_\_\_, but the Court concedes that the reports also included factual information regarding conduct the claimants reasonably believed constituted violations of law, *see ante* at \_\_\_. Based on the Act's language, I'm compelled to conclude that the claimants submitted some evidence that they made a "report" as the Act requires.

Based on the current record, my best guess is the claimants would lose this case at trial because the City disciplined them for leaking information, not for making their reports. But even on that separate causation issue, I agree with the court of appeals that the claimants submitted enough evidence to avoid summary judgment. *See* 2020 WL 3286753, at \*8–9. I therefore respectfully dissent.

Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** May 27, 2022

3