Opinion issued October 13, 2005











     


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00264-CV




RICHARD VELA, Appellant

V.

THE CITY OF HOUSTON, TEXAS, Appellee




On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2002-59371




O P I N I O N
 
          Appellant, Richard Vela, appeals the trial court’s order granting summary
judgment in favor of appellee, the City of Houston (“the City”), for an alleged
violation of section 554 of the Texas Government Code, also known as the
Whistleblower Act (“the Act”).


 Vela asserts that summary judgment was improper
because he (1) reported violations of law, (2) made reports to appropriate law
enforcement authorities, and (3) established a causal link between the whistleblowing
and his termination. We affirm the judgment of the trial court.
BackgroundVela worked as an electrician in the City’s Aviation Department. He was
promoted twice and ended his career as an Electrical Superintendent. In 2001, Hobby
Airport began building a new concourse for Southwest Airlines. The same year, Vela
and Fred Ellis, who was an Electrical Supervisor, attended an aviation lighting
conference in San Diego, California. Following the conference, Vela and Ellis
submitted expense reports to the City for reimbursement. The City examined the
expense reports and determined that Vela and Ellis had submitted altered meal
receipts to the City for reimbursement. As a result, the City rejected Vela’s expense
report. 
          In 2002, Vela noticed that the electrical subcontractors were installing a metal
clad cable (“MC cable”), which Vela alleged was an inferior type of cable. Vela
claimed this deviation was illegal because the use of MC cable “violated the building
code, was a serious safety violation, and resulted in fraud upon the City.” During a
training class on May 9, 2002, Vela asked if he would be protected for doing
something illegal if he was following a manager’s instructions. He further explained
that a manager told him to “do whatever it took to [ensure that] the construction of
the new concourse at Hobby Airport was completed by the target date.” Vela
reported the alleged violations to Richard Newton, the Houston Airport System
Human Resources Manager, and several members of the Airport System management
team. Newton told Vela that, if he was aware of any illegal activity or wrongdoing,
he should contact the Office of Inspector General. In July 2002, the City indefinitely
suspended Vela and Ellis for “falsifying City records”and for “failing to adhere to
City policies” in submitting altered meal receipts the year before.
          Vela sued the City alleging that his termination violated section 554.002 of the
Government Code. Vela contends that he was terminated because he reported what
he in good faith believed to be violations of law to persons he believed to be the
appropriate law enforcement authorities. The City moved for a no-evidence summary
judgment and a traditional summary judgment based on the affirmative defense under
section 554.004(b) of the Government Code. The trial court granted both of the
City’s motions for summary judgment because the summary judgment evidence failed
to raise a genuine issue of material fact concerning (1) whether the report that Vela
made amounted to reporting a violation of law; (2) whether Vela made his report to
an appropriate law enforcement agency; and (3) whether the City took adverse action
against Vela because of his report.
The Act
          In three issues, Vela asserts that summary judgment was improper because he 
(1) reported what he believed to be violations of law, (2) made reports to persons he
believed to be appropriate law enforcement authorities, and (3) established a causal
link between the whistleblowing and his termination.
          A governmental entity is liable for damages under the Act if it discriminates
against a public employee who reports a violation of law. See Tex. Gov’t Code
Ann. §§ 554.001-.009 (Vernon 2004). To establish a valid claim under the Act, an
employee must demonstrate that: 
(1) he is a public employee;
(2) he made the report in good faith;
(3) he reported a violation of law;
          (4) the report was made to an appropriate law enforcement authority;
          (5) and he suffered retaliation as a result of making the report.
Tex. Gov’t Code Ann. § 554.002(a) (Vernon 2004).
Standard of Review
          When reviewing a summary judgment, we determine whether the summary
judgment proof establishes, as a matter of law, that there is no genuine issue of fact
about one or more of the essential elements of the plaintiff’s cause of action. Gibbs
v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). The movant has the
burden to show that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding
whether there is a disputed material fact issue that precludes summary judgment. Id.
at 548-49. Every reasonable inference must be indulged in favor of the non-movant
and any doubt resolved in its favor. Id. at 549.A party is entitled to a no-evidence summary judgment if, after adequate time
for discovery, there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. See Tex.
R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant
produces more than a scintilla of evidence raising a genuine issue of material fact on
each of the challenged elements. See Tex. R. Civ. P. 166a(i); see also Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no
pet.). In reviewing a no-evidence summary judgment, we must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in its favor. 
See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
Violation of the Law

          In his first issue, Vela claims that he reported violations of the law as required
under the Act. Tex. Gov’t Code Ann. § 554.001. “Law” under the Act is defined
as “a state or federal statute, an ordinance of a local governmental entity, or a rule
adopted under a statute or ordinance.” Tex. Gov’t Code Ann. § 554.001(1). In his
response to the City’s motion for summary judgment, Vela states that he reported
violations of the City of Houston Building Code, the City of Houston Electric Code
(HEC), and the National Electric Code, as well as criminal fraud upon the City and
breach of contract. Although Vela states that certain city codes were violated by the
use of the MC cable, he has cited no provision of the building or electrical code that
he believes was violated.


 Violation of the City’s internal policies are not “laws”
under the Act. Ruiz v. City of San Antonio, 966 S.W.2d 128, 130 (Tex. App.—Austin
1998, no pet.) (citing Harris Co. Precinct Four Constable Dept. v. Grabowski, 922
S.W.2d 954, 956 (Tex. 1996)). Vela’s belief that the use of the MC cable instead of
a different type of cable is, at best, a report of a contract violation. There is no
evidence that Vela reported a violation of law. 
          Vela also argues that, if he did not report an actual violation of law, he is still
entitled to prevail on his Whistleblower claim if he presents evidence that he had a
good faith belief that he was reporting violations of law. “Good faith” has been
interpreted to mean that “(1) the employee believed that the conduct reported was a
violation of the law and (2) the employee’s belief was reasonable in light of the
employee’s training and experience.” Wichita County v. Hart, 917 S.W.2d 779, 784
(Tex. 1996). The second part of the definition ensures that, even if the reporting
employee honestly believed that the reported act was a violation of law, an employer
that takes prohibited action against the employee violates the Act only if a reasonably
prudent employee in a similar circumstance would have believed that the facts as
reported were a violation of law. Id. at 785. Because Vela had been an Electrical
Supervisor and Electrical Superintendent for the City of Houston for nearly 18 years,
we hold that it was not reasonable for Vela to believe that he reported a violation of
law prior to his adverse employment action. We therefore hold that the trial court
properly granted the City’s motion for summary judgment with regard to this issue. 
Accordingly, we overrule Vela’s first issue.
Appropriate Law Enforcement Authority
          In his second issue, Vela claims that he had a good faith belief that he reported
violations of law to the appropriate law enforcement authorities. “Good faith,” in the
context of an appropriate law enforcement authority, means that “(1) the employee
believed the governmental entity was authorized to (a) regulate under or enforce the
law alleged to be violated in the report, or (b) investigate or prosecute a violation of
criminal law; and (2) the employee’s belief was reasonable in light of the employee’s
training and experience.” Texas Dep’t of Transp. v. Needham, 82 S.W.3d 314, 321
(Tex. 2002). 
          It is undisputed that Vela reported the use of MC cable to several city
employees including his supervisor, a human resources manager, the deputy director
of aviation, the director of aviation, the Hobby Airport manager, and a master
electrician. However, once informed that the appropriate law enforcement authority
for receiving his complaint about the MC cable was the Office of Inspector General
(OIG), Vela failed to make a report with the OIG until after he was indefinitely
suspended by the City. 


 
          Vela may have believed in good faith that he was reporting the alleged
violations of law to the appropriate law enforcement authorities, but once he was
informed that the proper procedure was to file a report with the OIG, he should have
done so. Vela could not have acted in good faith by not filing a report with the OIG
when he had actual knowledge that it was the appropriate law enforcement authority
for reporting the use of the MC cable. Accordingly, because Vela was unable to
establish a good faith belief that he reported the use of the MC cable to an appropriate
law enforcement authority, we hold that the trial court properly granted the City’s
motion for summary judgment with regard to this issue. We overrule Vela’s second
issue.Causation
          In his third issue, Vela claims that he established a causal link between the
whistleblowing and his termination. The City contends that it terminated Vela based
on information, observation, or evidence that was not related to the fact that Vela
reported an alleged violation of law.
          An employee suing under the Act must prove that, without the reports of
violations of law, the retaliatory conduct would not have occurred when it did. See
Texas Dep’t of Human Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995). In other
words, the plaintiff must establish a “but for” causal nexus between the protected
activity and the employer’s prohibited conduct. Gold v. City of College Station, 40
S.W.3d 637, 646 (Tex. App.— Houston [1st Dist.] 2001, no pet.). The plaintiff need
not establish, however, that the protected activity was the sole cause of the
employer’s prohibited conduct. See Hinds, 904 S.W.2d at 636.
          Circumstantial evidence may be sufficient to establish a causal link between
the adverse employment action and the reporting of illegal conduct. See Cont’l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450-51 (Tex. 1996). Such evidence
includes: (1) knowledge of the report of illegal conduct, (2) expression of a negative
attitude toward the employee’s report of the conduct, (3) failure to adhere to
established company policies regarding employment decisions, (4) discriminatory
treatment in comparison to similarly-situated employees, and (5) evidence that the
stated reason for the adverse employment action was false. See id. at 451. Evidence
that an adverse employment action was preceded by a superior’s negative attitude
toward an employee’s report of illegal conduct is not enough, standing alone, to show
a causal connection between the two events. City of Fort Worth v. Zimlich, 29
S.W.3d 62, 69 (Tex. 2000).
          Here, the City explained that, even assuming Vela’s allegations were true, it
“would have indefinitely suspended Vela anyway” because he falsified City records
by submitting altered meal receipts and failed to follow City policies. Moreover,
Vela acknowledged that he submitted receipts that contained charges for alcoholic
beverages. He also testified that he used correction fluid to “white-out” the receipts
to hide the alcohol purchases. Vela did not deny that he submitted receipts for
reimbursement which included alcohol purchases. He only stated that it was an
“oversight.” Furthermore, the City and Vela both acknowledge that the City
terminated Ellis for the exact same reason it terminated Vela and at the same time.           Vela has not presented a scintilla of evidence to refute the City’s reason for his
termination. Accordingly, because Vela was unable to establish a causal nexus
between any protected activity and any prohibited activity by the City, we hold that
the trial court properly granted the City’s motion for summary judgment with regard
to this issue. We overrule Vela’s third issue.Conclusion
          Because we hold that Vela did not produce evidence raising a genuine issue of
material fact on each of these issues, we affirm the judgment of the trial court. 


 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks