**HARRIS COUNTY PRECINCT FOUR CONSTABLE DEPARTMENT,**
Petitioner

v.

**Michael J. GRABOWSKI, Respondent.**

No. 95–0999.

Supreme Court of Texas.

May 10, 1996.

Rehearing Overruled June 28, 1996.

Frank E. Sanders, Houston, for Petitioner.

Robert J. Thomas, Houston, for Respondent.

**OPINION**

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS

PER CURIAM.

Michael Grabowski sued the Harris County Precinct Four Constable Department ("Harris County") under the Texas Whistleblower Act, formerly TEX.REV.CIV.STAT. art. 6252–16a to 6252–16c, now sections 554.001 to 554.010 of the Texas Government Code. The trial court rendered summary judgment for Harris County. The court of appeals reversed and remanded. 1995 WL 424687. Because we hold that Grabowski did not report a violation of law in good faith, we reverse the judgment of the court of appeals and render judgment for Harris County.

Grabowski was a deputy for Constable Dick Moore in Harris County Precinct Four. While off duty and in his private vehicle, Grabowski had an accident with a street sweeper owned by the Precinct Four County Commissioner's office. After the accident, Grabowski, through his attorney, sent a letter to the Harris County Judge, stating that Grabowski wished to make a good faith report of a violation of law by Constable Moore.

Grabowski wrote that a deputy sheriff assigned to the County Commissioner for Precinct Four investigated his accident with the street sweeper rather than accident investigators from Constable Moore's office. Because the County Commissioner's precinct owned the street sweeper, the letter charged that the accident report was biased in favor of the Commissioner's office. Grabowski claimed that Constable Moore violated his department's policies, practices, and ethics manual concerning impartiality by allowing a deputy from the County Commissioner's office to investigate the accident rather than investigators from the Constable's office.

About a month later, Grabowski's supervisor filed a report claiming that Grabowski did not follow an order to stay after work to discuss a performance evaluation. The supervisor recommended a one-day suspension plus sixteen hours of community service. Constable Moore, however, terminated Grabowski approximately one week later. The Harris County Grievance Resolution Committee recommended that Grabowski be reinstated, but Constable Moore refused to do so. Grabowski filed suit under the Texas Whistleblower Act, alleging that Constable Moore terminated him in retaliation for the letter Grabowski sent to the County Judge.

The Whistleblower Act protects a public employee "who in good faith reports a violation of law [by his employer]." TEX.GOV'T CODE § 554.002(a). The court of appeals concluded that even though the acts reported by Grabowski were not, in a technical sense, violations of law, he was still protected under the Act because he had a good faith belief that he was reporting a violation of law. 1995 WL 424687. The court of appeals decided that good faith was present because Grabowski believed there was a violation of law and because the public interest in exposing corrupt government was served even though Grabowski also had a private interest in making the report. *Id.*

After the court of appeals decided this case, this Court defined the term "good faith" as used in the Act to mean that: "(1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of

**956**

the employee's training and experience." *Wichita County v. Hart,* 917 S.W.2d 779, 784 (Tex.1996). Grabowski presented summary judgment evidence that he honestly believed that Constable Moore's actions were a violation of law. His subjective belief satisfies the first prong.

However, his belief that Constable Moore violated the law fails to satisfy the second prong because his belief was not reasonable in light of his experience as a peace officer. We noted in *Hart* that a peace officer has more experience than those in other professions in deciding whether an act is a violation of law. *Id.* at 785. Thus, the reasonableness of a peace officer's belief that a law has been violated will be examined more closely than will the belief of one in another, non-law enforcement profession. Grabowski presented no evidence of a law he believed Constable Moore violated other than his department's internal policies. Indeed, Grabowski openly admitted that he could think of no traffic law violated by Constable Moore in the investigation of the accident. Thus, there is no evidence in the record before us showing that Grabowski's belief was reasonable in light of his training and experience. We therefore hold that Grabowski's report to the County Judge was not made in good faith as required under the terms of the Act.

For the foregoing reasons, the Court grants Harris County's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for Harris County. *See* TEX.R.APP.P. 170.

Justice ABBOTT did not participate in the decision.