TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00238-CV






Ramon Ruiz, Appellant



v.



City of San Antonio, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-15329, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







 Ramon Ruiz, who sued the City of San Antonio pursuant to the Whistleblower Act, appeals
a summary judgment the trial court granted in favor of the City. See Whistleblower Act, 73d Leg., R.S.,
ch. 268, § 1, 1993 Tex. Gen. Laws 583 (currently codified at Tex. Gov't Code Ann. §§ 554.001-.010)
("the Act"). (1) We will reverse the summary judgment and remand the cause.


BACKGROUND

 Ruiz was an officer employed by the San Antonio Police Department. Between June 1989
and September 1994, Ruiz reported about fifteen instances in which he believed fellow officers and
supervisors had violated both the Texas Penal Code and the Department's internal policies. In 1993 and
1994, the Department disciplined Ruiz several times for, among other things, failing to follow orders, failing
to pay proper respect to his fellow officers and supervisors, and failing to follow the Department's internal
investigation guidelines. Ruiz alleges the Department selectively disciplined him in retaliation for reporting
other officers' violations of law. 

 Ruiz sued the City (2) pursuant to the Whistleblower Act. (3) He sought actual and exemplary
damages for two retaliatory acts: a suspension imposed on September 19, 1994 and another imposed on
October 13, 1994. (4) The City moved for summary judgment on three grounds: (1) the Act did not protect
Ruiz's reports because they concerned violations of Department internal policy, rather than law; (2) Ruiz
did not report the alleged violations in good faith; and (3) no causal link existed between the reports and
the disciplinary measures the Department imposed on Ruiz. The trial court granted the City summary
judgment but did not state the basis of its decision in the order. Ruiz appeals from this judgment in three
points of error.


DISCUSSION

 The standards for review of a summary judgment are well settled: (1) the movant must
show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, the court must take
evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in the nonmovant's favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 A defendant seeking summary judgment based on a plaintiff's inability to prove its case
must conclusively disprove at least one element of each of the plaintiff's causes of action. Lear Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Only when the defendant disproves one of the essential
elements of a cause of action does the plaintiff carry the burden of producing controverting evidence and
raising a fact issue as to the negated element. See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). 

 Because the propriety of a summary judgment is a question of law, we review the trial
court's decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a
trial court does not state the basis for its decision in its summary judgment order, we must uphold the order
if any of the theories advanced in the motion are meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989). Conversely, we must reverse the order if we find no valid legal basis in the motion. 
Because the trial court did not state the basis for its ruling, we must address each of the challenged
arguments in turn.


Violations of Law

 The Whistleblower Act prohibits a governmental employer from suspending an employee
who in good faith reports a violation of law. Act § 554.002. "Law," for purposes of the Act, means state
or federal statutes, local ordinances, and rules adopted pursuant to statute or ordinance. Act § 554.001(1). 
The City argued in its motion for summary judgment that the Act did not protect Ruiz's reports, save one,
because they concerned only violations of the Department's internal policy, rather than law. (5) In his first
point of error, Ruiz contends summary judgment was not proper on that ground. We agree.

 The City bases its argument on Ruiz's most recent petition. The City focuses on the fact
that Ruiz specifically listed particular provisions of the Department's internal policy manual he thought many
different officers violated on many different occasions. However, he alleged violation of a particular section
of the Texas Penal Code only once, in connection with one individual's conduct on one occasion. The City
challenges all of Ruiz's reports except that one. The City cites Harris County Precinct Four Constable
Department v. Grabowski for the proposition that the Act does not protect a report of conduct that
violates only an internal policy manual. See 922 S.W.2d 954, 956 (Tex. 1996). 

 We agree with the Department that the Act does not protect violations of internal policy
not promulgated pursuant to statute or ordinance. See Act § 554.001(1); Grabowski, 922 S.W.2d at
956. However, the record indicates Ruiz alleged that the reported conduct violated law. For example, Ruiz
generally alleged in his second amended petition that all the conduct he reported violated a statute,
specifically the Texas Penal Code. (6) Furthermore, in his response to the City's motion for summary
judgment, Ruiz characterized the reported conduct as "theft," "stealing," and "criminal conspiracy." 

 Ruiz clearly alleged the reported conduct violated a criminal statute. He simply did not
specify which particular provisions of the statute the conduct violated. The City did not expressly object
to this lack of specificity in its motion for summary judgment. Neither did the City challenge this lack of
specificity in Ruiz's most recent petition by filing special exceptions. (7) We hold the allegations in the live
pleading constitute reports of violations of law and brought Ruiz's reports within the purview of the Act. 
Whether the petition was sufficiently specific to allow the City to prepare a defense is not before us. We
sustain point of error one.


Good Faith

 The City also alleged in its motion for summary judgment that Ruiz did not report violations
of law in good faith. In his second point of error, Ruiz argues summary judgment was not proper on this
issue. We agree.

 "Good faith," for purposes of the Act, means that (1) the employee believed that the
reported conduct was a violation of law and (2) the employee's belief was reasonable in light of the
employee's training and experience. Wichita County, Texas v. Hart, 917 S.W.2d 779, 784 (Tex. 1996). 
In its motion for summary judgment, the City failed to produce evidence that Ruiz did not subjectively
believe the reported conduct violated law. Furthermore, the City produced no evidence or argument that
Ruiz's beliefs were objectively unreasonable. The City failed to establish entitlement to summary judgment
on this issue. (8) Consequently, we need not look to Ruiz's response to determine if it raises a material fact
issue as to good faith. See Clear Creek Basin Auth., 589 S.W.2d at 678. Because the City did not
disprove Ruiz's cause of action on the element of good faith, summary judgment was not proper on this
ground. We sustain Ruiz's second point of error.


Causation

 The last ground the City asserted in its motion for summary judgment was that Ruiz could
not prove a causal link between his reports and the disciplinary action he suffered later. In point of error
three, Ruiz contends the trial court erred in granting summary judgment on this issue. Again, we agree.

 An employee suing under the Act must prove that without the reports of violations of law,
the retaliatory conduct would not have occurred when it did. Texas Dep't of Human Servs. v. Hinds,
904 S.W.2d 629, 636 (Tex. 1995). In other words, the plaintiff must establish a "but for" causal nexus
between the protected activity and the employer's prohibited conduct. Texas Natural Resource
Conservation Comm'n v. McDill, 914 S.W.2d 718, 723 (Tex. App.--Austin 1996, no writ). The
plaintiff need not establish, however, that the protected activity was the sole cause of the employer's
prohibited conduct. Hinds, 904 S.W.2d at 635. We presume the causal nexus exists if the retaliatory
conduct occurs within ninety days of the report of a violation of law. Act § 554.004. This presumption
is rebuttable. Id.

 The City produced several affidavits in support of its motion for summary judgment. The
affidavits explain the Department's professed reasons for suspending Ruiz in September and October of
1994. According to the City's proof, the September 1994 suspension arose out of an incident between
Ruiz and one of his supervisors in March 1994. The supervisor apparently asked Ruiz if he had copied
others' personnel records for his personal use, and Ruiz refused to answer. The September suspension
states Ruiz violated Department rules by failing to obey a lawful order and pay proper respect to his
supervisor. The City's proof suggests the October 1994 suspension arose out of an incident between Ruiz
and two other supervisors in April 1994. According to the City, a supervisor ordered Ruiz to go to the
internal investigation office and detail some allegations he had previously made against one of his other
supervisors. At the end of his shift, Ruiz had not completed the report. Two of the supervisors in the
internal investigation office ordered Ruiz to leave the unfinished report in their office and return the next day
to complete it. Ruiz refused. The October suspension states Ruiz violated Department rules by failing to
obey a lawful order, pay proper respect to his supervisors, and surrender material relevant to an internal
investigation. The City's proof suggests the delay between the incidents and the corresponding suspensions
was attributable to an multitiered administrative disciplinary process. The City's proof standing alone
negates the causation element of Ruiz's whistleblower claims. 

 Ruiz, however, raised a material fact issue as to causation in his response to the City's
motion. We first note that the aforementioned presumption applies in this case; Ruiz made four of his
reports within the ninety days preceding the suspensions. We also note the inherent difficulty of producing
direct evidence of an employer's illegal motivation, especially at the summary judgment stage of the
proceedings. See Castaneda v. Texas Dep't of Agriculture, 831 S.W.2d 501, 505 (Tex.
App.--Corpus Christi 1992, writ denied). Ruiz contends in his affidavit in response to the Department's
motion that the Department selectively enforced its disciplinary rules against him, and that the Department
failed to discipline other officers who had been insubordinate. He also produced an affidavit from a fellow
officer who averred the Department selectively uses its disciplinary rules to punish officers who report
fellow officers' criminal misconduct. 

 Indulging all reasonable inferences in favor of Ruiz, as we must, we hold his summary
judgment proof raises a material fact issue as to the existence of a causal link between Ruiz's reports and
the Department's alleged retaliatory conduct. In other words, the City did not rebut the presumption of
causation as a matter of law. (9) Cf. Paragon Hotel Corp. v. Ramirez, 783 S.W.2d 654, 660 (Tex.
App.--El Paso 1989, writ denied) (in evaluating legal sufficiency of evidence in retaliatory discharge case,
court considered evidence of disparate treatment of other employees to be circumstantial evidence of
employer's improper motive). Accordingly, we sustain Ruiz's third point of error.


CONCLUSION

 Having concluded none of the City's grounds for summary judgment are meritorious, we
reverse the judgment and remand the cause for further proceedings.



 _____________________________________________

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: March 26, 1998

Publish
1. The legislature amended the Whistleblower Act effective June 15, 1995. Because the retaliatory
acts Ruiz complains of occurred before that date, the prior version of the Act applies. Whistleblower Act,
74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812, 3814 (not codified). All citations to the Act
in this opinion refer to the prior version of the law.
2. The Department and the City are the same unit of government for purposes of the Whistleblower
Act. See Wichita County v. Hart, 892 S.W.2d 912, 929 (Tex. App.--Austin 1994), rev'd on other
grounds, 917 S.W.2d 779 (Tex. 1996).
3. Ruiz also alleged other causes of action against the City. In two separate summary- judgment
proceedings, the trial court disposed of those causes in the City's favor. Ruiz does not challenge those
summary-judgment orders.
4. In his most recent petition, Ruiz alleges other acts of retaliatory conduct. The trial court ruled in
a summary-judgment order that Ruiz could not base his whistleblower claim on retaliatory acts that
occurred more than ninety days before he filed his lawsuit. See Act § 554.005. Ruiz does not challenge
that order. Because the other acts of retaliation Ruiz alleges in the live pleading occurred more than ninety
days before he sued the City, we do not consider those acts in this appeal.
5. Nothing in the record indicates the Department promulgated its internal policies pursuant to statute
or ordinance.
6. The second amended petition states: 


Plaintiff would show that he has reported violations by San Antonio Police Department
employees of the Rules and Regulations and Procedures of the General Manual of the San
Antonio Police Department. Plaintiff would further show that he has reported to the
San Antonio Police Department what he believed to be violations by the San Antonio
Police Department employees of the Texas Penal Code, as follows: [a list of about
fifteen separate reports concerning about thirteen individuals follows]. 


(Emphasis added.)
7. The City did challenge prior versions of Ruiz's petition by filing special exceptions. The court
ordered Ruiz to plead his allegations with more specificity. Nothing in the record indicates, however, that
the City challenged the specificity of Ruiz's second amended petition, the most recent petition. By failing
to specially except, the City waived the alleged defect in the live pleading. Tex. R. Civ. P. 90.
8. In its brief, the City refers to a deposition of Ruiz to support its argument on the issue of good faith. 
The City apparently tendered the three-volume deposition in toto to the trial court along with its motion for
summary judgment. However, the City did not refer to the deposition or incorporate it in the motion for
summary judgment. Ruiz did not refer to the deposition in his response, other than to object to the City's
failure to reference the specific portions of the deposition upon which it relied. A trial court may not rely
upon evidence in a summary-judgment proceeding unless one of the parties has at least referenced or
incorporated the evidence in a motion or response. See Tex. R. Civ. P. 166a(c)(i); Wilson v. Burford,
904 S.W.2d 628, 629 (Tex. 1995); see also Dear v. City of Irving, 902 S.W.2d 731, 735 (Tex.
App.--Austin 1995, writ denied). Because neither party referenced the deposition in the motion or
response, we do not consider the deposition in deciding this issue.
9. Ruiz's affidavit also included some conclusory statements of his belief that the Department had
retaliated against him. We do not base our conclusion on those statements. See Texas Division-Tranter,
Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994) (in summary-judgment proceeding in retaliatory
discharge case, employee's conclusory statement that employer acted in bad faith will not defeat
employer's objective evidence of good faith). 



t and remand the cause for further proceedings.



 _____________________________________________

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Kidd and B. A. Smith

Reversed and Remanded