TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00363-CV






Carolyn Reininger, Appellant


v.


Texas Building and Procurement Commission, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-GN-04-002284, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





O P I N I O N


 Carolyn Reininger sued her former employer, the Texas Building and Procurement
Commission ("TBPC"), under the Texas Whistleblower Act, see Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004 & Supp. 2007), alleging that she was wrongfully terminated for making a good-faith report of a violation of law. See id. § 554.002(a) (West 2004). Specifically, Reininger alleged
that TBPC terminated her in retaliation for her making a good-faith report to the comptroller's office
that TBPC was violating the law by allowing private vendors to deposit state funds in the vendor's
bank accounts. In fact, the private vendors had provided the State with a bank letter of guarantee,
and the procedure had been pre-approved by the state auditor's office.

 TBPC sought summary judgment on traditional and no-evidence grounds challenging
various elements of Reininger's claim. Among other grounds, TBPC asserted that the comptroller's
office was not "an appropriate law enforcement authority" for purposes of Reininger's whistleblower
claim and that there was no evidence that Reininger could have believed in good faith that it was. 
The district court granted summary judgment in favor of TBPC without specifying the grounds on
which it relied. Reininger appeals. We will affirm the district court's judgment.


STANDARD OF REVIEW

 Under the traditional standard, a summary-judgment motion is properly granted when
the movant establishes that there are no genuine issues of material fact to be decided and that he
is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000,
no pet.). In reviewing a summary judgment, we accept as true all evidence favoring the nonmovant,
indulging every reasonable inference and resolving all doubts in the nonmovant's favor. Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant moving for summary
judgment must negate as a matter of law at least one element of each of the plaintiff's theories of
recovery or plead and prove as a matter of law each element of an affirmative defense. See Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant meets this burden, the
burden shifts to the plaintiff to present evidence raising a fact issue. See id.

 A no-evidence summary judgment is essentially a pre-trial directed verdict, and an
appellate court applies the same legal-sufficiency standard in reviewing a no-evidence summary
judgment. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998,
pet. denied). The appellate court views the evidence in the light most favorable to the non-moving
party, disregarding all contrary evidence and inferences. Id. A no-evidence point will be sustained
when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law
or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence
offered to prove a vital fact is not more than a mere scintilla, or (d) the evidence conclusively
establishes the opposite of the vital fact. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). More than a mere scintilla of evidence exists when the evidence rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions. Id. Less than
a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere
surmise of suspicion. Moore, 981 S.W.2d at 269.

 Because the trial court granted TBPC's motion without specifying the grounds, the
summary judgment will be upheld if any of the grounds are meritorious. Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).


TEXAS WHISTLEBLOWER ACT Section 554.002 of the government code prohibits a state or local governmental entity
from terminating or taking other adverse employment action against a public employee "who in good
faith reports a violation of law by the employing governmental entity or another public employee
to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a). An entity is
considered an "appropriate law enforcement authority," if:


 the authority is a part of a state or local governmental entity or of the federal
government that the employee in good faith believes is authorized to:


 (1) regulate under or enforce the law alleged to be violated in the report; or


 (2) investigate or prosecute a violation of criminal law.


Id. § 554.002(b). The determination of whether an entity is an appropriate law-enforcement
authority is a question of law. Texas Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002).

 In Needham, the supreme court clarified the standard for determining whether or not
an entity is "an appropriate law enforcement authority" under the whistleblower act. Id. at 318-321.
In that case, the question before the court was whether the Texas Department of Transportation
("TxDOT") was an appropriate law-enforcement authority to which an employee may report an
alleged driving-while-intoxicated incident involving a TxDOT employee. Id. at 319. In deciding
the issue, the court noted "it is clearly not enough that a government entity has general authority to
regulate, enforce, investigate, or prosecute." Id. at 319 (emphasis in original). Rather, the court
observed, the critical inquiry is whether the entity had authority to regulate or enforce the particular
law that the employee reported had been violated. Id. at 320 (emphasis added). Noting that TxDOT
has no authority to regulate or enforce Texas's driving while intoxicated laws, the Court held that,
as a matter of law, TxDOT was "not an appropriate law enforcement authority under section
554.002(b) for a public employee to report another employee's violation of Texas's driving while
intoxicated laws." Id. at 320.

 The particular law that Reininger identifies in support of her whistleblower claim is
section 404.094 of the government code, which requires "funds collected or received by a state
agency under law" to be deposited in the treasury "at the earliest possible time" but "not later than
the third business day after the date of receipt." Tex. Gov't Code Ann. § 404.094(a) (West 2004). 
Section 404.094 specifically charges the state auditor's office, not the comptroller's office, with the
authority to investigate non-compliance. See id. ("If the state auditor finds that an agency has not
complied with this subsection, . . . .") (emphasis added). Accordingly, we hold that, as a matter of
law, the comptroller's office is not an appropriate law-enforcement authority under section
554.002(b) for reporting a violation of section 404.094.

 Nevertheless, Reininger may still obtain whistleblower act protection if she in good
faith believed that the comptroller was an appropriate law-enforcement authority as defined
in section 554.002(b). In Needham the supreme court defined "good faith" for purposes of section
554.002(b) to mean: "(1) the employee believed the governmental entity was authorized to
(a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or
prosecute a violation of criminal law; and (2) the employee's belief was reasonable in light of the
employee's training and experience." Id. at 321.

 Here, the summary-judgment evidence shows that Reininger first emailed the
comptroller's office asking for "written documentation or legal [c]ite that prohibits the commingling
of state and private company funds or requirement that all funds collected for sale of state goods
be directly deposited to State Treasury." In response, a representative of the comptroller's office
emailed Reininger an electronic version of section 404.094 of the Texas Government Code. The text
of that provision, again, explicitly states that it is the state auditor who has the authority to determine
noncompliance: "If the state auditor finds that an agency has not complied with this subsection, the
state auditor shall make an estimate of any resulting financial loss to the state, . . . and report
the amount to the legislative audit committee, the governor, and the comptroller." Tex. Gov't Code
Ann. § 404.094(a) (emphasis added). In fact, it was undisputed that the state auditor had pre-approved the very procedure Reininger complained of. The summary-judgment evidence also
established that Reininger had 31 years' experience in the accounting field, including 19 years'
experience in government accounting, three of which were spent working as a financial analyst at
the comptroller's office.

 After receiving the text of section 404.094, Reininger proceeded to send additional
emails to the comptroller's office accusing TBPC personnel of violating the law. Given her
experience and the text of section 404.094 she was furnished, we conclude, guided by Needham, that
there is no evidence that Reininger could have believed in good faith that the comptroller's office
was an appropriate law-enforcement authority for purposes of reporting TBPC's alleged violation
of section 404.094. The district court did not err in granting TBPC's summary-judgment motion on
this ground.


CONCLUSION

 We need not reach Reininger's challenges to TBPC's other summary-judgment
grounds. Provident Life & Accident Ins. Co., 128 S.W.3d at 216. (1) We affirm the judgment of the
district court.


__________________________________________

Bob Pemberton, Justice 

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 3, 2008

1. We also need not address a cross-point that TBPC raised contending that the district court
abused its discretion in considering what it argues is Reininger's late-filed summary-judgment
evidence. In another "cross-point," TBPC urges that the district court erred by not also granting a
plea to the jurisdiction that TBPC had asserted challenging whether Reininger had pled a claim
within the whistleblower act. TBPC's plea challenged the same elements of Reininger's
whistleblower claim that it attacked in its summary-judgment motion, but focused only on
Reininger's pleadings and did not attach evidence. As TBPC is seeking to modify the district court's
judgment, it would ordinarily be required to file a notice of appeal to raise this contention. See
Tex. R. App. P. 25.1(c). In any event, we cannot conclude that the district court would have erred
in overruling TBPC's jurisdictional challenge to Reininger's pleadings.