TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00459-CV






Texas Water Development Board, Appellant


v.


Lateefah Neal, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GN-08-000571, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Texas Water Development Board appeals from the district court's denial
of its motion for summary judgment in a suit under the Texas Whistleblower Act (1) by
appellee Lateefah Neal arguing that the district court lacked subject-matter jurisdiction. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). Because Neal's reports of violations of
the law were not made to "an appropriate law enforcement authority" within the meaning of the
Whistleblower Act, we conclude the district court lacked subject-matter jurisdiction. See State
v. Lueck, 290 S.W.3d 876, 883 (Tex. 2009). Accordingly, we vacate the district court's order and
dismiss the cause for lack of jurisdiction.



BACKGROUND


 Neal worked as a human resources manager for the Board from March 1 through
December 6, 2007. She made various complaints to her immediate supervisors and the executive
administrator of the Board that the Board was violating certain provisions of the labor code. In
general, Neal alleged in her complaints that the Board was violating sections 21.452, 21.501, 21.504,
and 21.552. See Tex. Labor Code Ann. §§ 21.452, .501, .504, .552 (West 2006). Although Neal
contacted the Texas Workforce Commission "to make sure that her understanding of statutes
applicable to the [Board] was correct," she did not report any alleged violations of the labor code to
the Commission.

 The Board terminated Neal's employment on December 6, 2007. Neal filed suit
against the Board under the Whistleblower Act alleging retaliatory and adverse personnel action in
response to her reports that the Board was violating the labor code. See Tex. Gov't Code Ann.
§ 554.002 (West 2004). The Board filed a motion for summary judgment based on immunity from
suit, claiming that the trial court lacked subject-matter jurisdiction because Neal failed to make a
good faith report of a violation of law to an appropriate law enforcement authority within the
meaning of the Whistleblower Act. See id. § 554.002(a); Lueck, 290 S.W.3d at 878, 885-86. The
trial court denied the Board's motion, and the Board filed this interlocutory appeal.


ANALYSIS


 The Board contends that the district court erred in denying its motion for summary
judgment because Neal's reported violations of law were not made to an appropriate law
enforcement authority within the meaning of section 554.002 of the Whistleblower Act. See Tex.
Gov't Code Ann. § 554.002. Because Neal did not report the alleged violations of law to an
appropriate law enforcement authority within the meaning of the Whistleblower Act, the Board
argues that sovereign immunity was not waived and the district court lacked subject-matter
jurisdiction. See Lueck, 290 S.W.3d at 878. Neal counters that the district court's order denying the
Board's motion was proper because the Board was required to comply with the labor code and,
therefore, was an appropriate law enforcement authority under the Whistleblower Act.


Subject-matter jurisdiction

 Before reaching the merits of this appeal, we consider sua sponte the question of the
trial court's jurisdiction, as well as our own. Texas Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 445 (Tex. 1993). It is well established that parties may appeal only from
final judgments and a limited category of interlocutory orders. Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992). As a general rule, this Court is without jurisdiction to review a
trial court's denial of a motion for summary judgment. See Ackermann v. Vordenbaum, 403 S.W.2d
362, 365 (Tex. 1966). However, subject-matter jurisdiction cannot be waived and may be raised for
the first time on appeal. Texas Ass'n of Bus., 852 S.W.2d at 445.

 Although the Board argued in the district court below that the Board was not an
appropriate law enforcement authority within the meaning of the Whistleblower Act, the Board did
not assert in its motion for summary judgment that this pleading defect would deprive the district
court of subject-matter jurisdiction over Neal's claim on the ground that sovereign immunity had
not been waived. See Lueck, 290 S.W.3d at 882 ("[W]histleblower Act imposes a limited waiver
of [sovereign] immunity that allows consideration of the section 554.002(a) elements, to the
extent necessary in determining whether the claim falls within the jurisdictional confines of
section 554.0035."). The Board makes this argument for the first time on appeal. Because sovereign
immunity from suit deprives a court of subject-matter jurisdiction, we may consider the Board's
argument that Neal's reported violations of the labor code to her immediate supervisors and the
executive administrator of the Board do not constitute a report to appropriate law enforcement
authority within the meaning of the Whistleblower Act and, therefore, do not effect a waiver of
sovereign immunity under section 554.0035. See Texas Dep't of Transp. v. Garcia, 293 S.W.3d 195,
196 (Tex. 2009) (per curiam) ("[W]hether Garcia's report of violations of the law to 'enforcement
authorities within [TxDOT]' was a good faith report to an appropriate law enforcement authority is
a jurisdictional question."); see also Texas Ass'n of Bus., 852 S.W.2d at 445 (subject-matter
jurisdiction may not be waived and may be raised for first time on appeal); cf. Waco Indep. Sch. Dist.
v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000) (holding court of appeals erred in failing to reach merits
of jurisdictional complaint raised for first time on appeal).


Was the Board an "appropriate law enforcement authority"?

 To prevail on her whistleblower act claim, Neal must demonstrate that the Board was
an appropriate law enforcement authority within the meaning of section 554.002 of the government
code. See Lueck, 290 S.W.3d at 881 (plaintiff "must actually allege a violation of the Act for there
to be a waiver [of immunity] from suit."). Section 554.002 provides:


 (a) A state or local governmental entity may not suspend or terminate the
employment of, or take other adverse personnel action against, a public
employee who in good faith reports a violation of law by the employing
governmental entity or another public employee to an appropriate law
enforcement authority.


 (b) In this section, a report is made to an appropriate law enforcement authority
if the authority is a part of a state or local governmental entity or of the
federal government that the employee in good faith believes is authorized to:


 (1) regulate under or enforce the law alleged to be violated in the report;
or 


 (2) investigate or prosecute a violation of criminal law.


Tex. Gov't Code Ann. § 554.002. The legislature added subsection 554.002(b) in 1995 to define the
term "appropriate law enforcement authority." See id.; Texas Dep't of Transp. v. Needham,
82 S.W.3d 314, 317 (Tex. 2002).

 The supreme court considered this definition under the post-1995 Whistleblower Act
for the first time in Texas Department of Transportation v. Needham. See 82 S.W.3d at 318. 
Construing the plain language of subsection 554.002(b), the supreme court held that "the statute
defines that term as a governmental entity authorized to regulate under or enforce 'the law alleged
to be violated in the report,' or to investigate or prosecute 'a violation of criminal law.'" Id. at 320. 
Under the statutory definition, "[I]t is clearly not enough that a government entity has general
authority to regulate, enforce, investigate, or prosecute." Id. at 319. The critical inquiry is whether
the entity had authority to "regulate under or enforce" the particular law that the employee reported
had been violated. Id. at 320.

 The facts in Needham are similar to the facts in this case. In Needham, the plaintiff
reported to his superiors that a co-worker had been driving while intoxicated. Id. at 316. After the
department demoted Needham and placed him on probation for twelve months, Needham filed suit
under the Whistleblower Act. Id. at 316-17. Although the supreme court recognized that the
department's internal disciplinary policies gave the department the power to discipline an employee
for alleged violations of law, the supreme court found that the department lacked "authority to
regulate under or enforce [ ] Texas's driving while intoxicated laws. Nor does it have authority to
investigate or prosecute th[o]se criminal laws." Id. at 320 (citations omitted). The supreme court
thus held, as a matter of law, that the department was not an appropriate law enforcement authority
within the meaning of subsection 554.002(b). Id.; see Tex. Gov't Code Ann. § 554.002(b).

 Applying the supreme court's analysis in Needham to the facts in this case, we
conclude, as a matter of law, that the Board does not satisfy the statutory definition of "an
appropriate law enforcement authority" under subsection 554.002(b) of the Whistleblower Act. Like
Needham who reported violations of the state's driving while intoxicated laws to his superiors, Neal
reported alleged violations of the labor code to her immediate supervisors and the executive
administrator of the Board. See Needham, 82 S.W.3d at 316. In addition, like the department in
Needham, the Board is not charged by the legislature with authority to regulate under or enforce the
laws that Neal alleges were violated. See Tex. Gov't Code Ann. § 554.002(b(1); Tex. Lab. Code
Ann. §§ 21.0015 (transferring authority from the Texas Commission on Human Rights to the Texas
Workforce Commission), .003 (delegating authority to the Commission to investigate complaints
alleging violations of chapter 21 and to file civil actions) (West 2006). Nor does the Board have
authority to investigate or prosecute violations of the labor code or criminal law. See Tex. Gov't
Code Ann. § 554.002(b)(2). Although the Board is required to comply with the labor code,
regulatory compliance with statutory provisions does not equate to authority to "regulate under or
enforce" those provisions. See id.; see also Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535,
540 (Tex. 1981) (courts presume legislature chose its words carefully, that every word was included
for some purpose, and every word excluded was omitted for a purpose). We therefore reject Neal's
argument that the Board was "an appropriate law enforcement authority" within the meaning of the
Whistleblower Act.

 Nevertheless, our conclusion that the Board is not a governmental entity authorized
to regulate under, enforce, investigate, or prosecute chapter 21 of the Texas Labor Code does not end
our inquiry. See Needham, 82 S.W.3d at 320. Neal may still obtain protection under the
Whistleblower Act if she believed in good faith that the Board was an appropriate law enforcement
authority as that term is defined in subsection 554.002(b). See id.; see also Tex. Gov't Code Ann.
§ 554.002(b).

 To determine whether Neal could have formed a good faith belief that the Board was
an appropriate law enforcement authority within the meaning of the Whistleblower Act, we apply
the two-part test established by the supreme court in Wichita County v. Hart, 917 S.W.2d 779, 784
(Tex. 1996). See Needham, 82 S.W.3d at 320-21 (adopting good faith analysis in Hart and applying
to subsection 554.002(b)); see also Lueck, 290 S.W.3d at 886 (citing Needham). Under this test and
in the context of subsection 554.002(b), "good faith" means:


 (1) the employee believed the governmental entity was authorized to (a) regulate
under or enforce the law alleged to be violated in the report, or (b) investigate
or prosecute a violation of criminal law; and


 (2) the employee's belief was reasonable in light of the employee's training and
experience.


Needham, 82 S.W.3d at 321.

 The parties agree that Neal was an experienced human resources manager. At all
relevant times, Neal was employed by the Board as a human resource manager. The record reflects
that Neal had over ten years experience in human resources work at four state agencies, including
the Board, the Texas Building and Procurement Commission, the Texas Health and Human Services
Commission, and the Texas Department of Health. Neal completed the Human Resource
Management Program at the University of Texas at Austin, Continuing and Extended Education, and
she had been certified by the Society of Human Resource Management since May 4, 2002. 

 Neal argues that she believed that the Board was authorized to regulate and enforce
under the labor code because the Board was required to comply with the labor code. Assuming that
Neal believed that the Board was authorized to regulate under or enforce the labor code or
investigate or prosecute a violation of criminal law, we cannot conclude that Neal's belief was
reasonable in light of her experience and training. See id.; Reininger v. Texas Bldg. & Procurement
Comm'n, 259 S.W.3d 364, 368 (Tex. App.--Austin 2008, pet. denied). Neal had over ten years
experience in human resources work for multiple state agencies. The record also reflects that she
contacted the Texas Workforce Commission--i.e., the agency charged with enforcing the labor
code--to confirm whether the Board was required to comply with the provisions in the labor code
that she now complains were violated by the Board. (2) Given her years of human resources experience
and training, as well as her efforts to contact the Commission to determine what the Board was
required to do in order to comply with the labor code, we hold that Neal could not have formed a
reasonable, good faith belief that the Board was an appropriate law enforcement authority for
the purpose of reporting the Board's alleged violations of the labor code. See Needham, 82 S.W.3d
at 321; Reininger, 259 S.W.3d at 368. In other words, we conclude that any belief on the part of
Neal that the Board was an appropriate law enforcement authority under section 554.002(b) was not
a good faith belief and, as a matter of law, was unreasonable. See Needham, 82 S.W.3d at 321;
Reininger, 259 S.W.3d at 368.

 To the extent Neal argues that she formed a reasonable, good faith belief that the
Board was an appropriate law enforcement authority to which she could report violations of the labor
code because the Whistleblower Act incorporates the possibility that there could be more than one
appropriate law enforcement authority by its use of the word "an" instead of "the," we reject that
argument. While we agree with the general premise that there could be more than one appropriate
law enforcement authority under the Whistleblower Act, Neal has specifically alleged violations of
the labor code. Guided by Needham and Lueck, we conclude that Neal was required to report these
alleged violations to the Commission--i.e., the agency delegated by the legislature to regulate under
or enforce the labor code. See Lueck, 290 S.W.3d at 885-86; Needham, 82 S.W.3d at 320-21.

 We likewise reject Neal's argument that she was entitled to protection under the
Whistleblower Act for reporting alleged violations of the Board's internal hiring practices, which
Neal alleges did not comply with section 21.452 of the labor code. See Harris County Precinct Four
Constable Dep't v. Grabowski, 922 S.W.2d 954, 956 (Tex. 1996) (holding Whistleblower Act did
not apply to reported violations of constable's internal policies); Ruiz v. City of San Antonio,
966 S.W.2d 128, 130 (Tex. App.--Austin 1998, no pet.) (affirming dismissal of claims regarding
violations of police department's internal policies); see also City of Houston v. Kallina, 97 S.W.3d
170, 174-75 (Tex. App.--Houston [14th Dist.] 2002, pet. denied) (on reh'g en banc) (same). The
Whistleblower Act protects employees who report violations not only of statutes, but also of
ordinances or "a rule adopted under a statute or ordinance." See Tex. Gov't Code Ann. § 554.001(1)
(West 2004). In her briefing to this Court, Neal argues that she reported violations of the Board's
internal hiring practices and that her reports were covered by labor code section 21.452. See Tex.
Lab. Code Ann. § 21.452 (West 2006). We construe Neal to argue that the Board's internal hiring
practices are rules adopted pursuant to section 21.452. See id.; Tex. Gov't Code Ann. § 554.001(1). 
Labor Code section 21.452 requires each state agency to develop and implement personnel policies
and procedures that comply with chapter 21 of the labor code, "including personnel selection
procedures that incorporate a workforce diversity program." Id. Assuming arguendo that the
Board's internal hiring practices amounted to "a rule adopted under a statute or ordinance," see Tex.
Gov't Code Ann. § 554.001(1), the fact remains that the Board does not regulate under or enforce
chapter 21 of the labor code, including section 21.452. See Tex. Lab. Code Ann. §§ 21.0015, .003. 
Indeed, the legislature has expressly charged the Commission, not the Board, to review personnel
policies to determine compliance with chapter 21. See id. § 21.453 (West 2006). We therefore reject
Neal's argument that her allegations regarding violations of the Board's internal hiring practices give
rise to a cause of action under the Whistleblower Act. See Grabowski, 922 S.W.2d at 956; Kallina,
97 S.W.3d at 174-75; Ruiz, 966 S.W.2d at 130.


CONCLUSION


 Based on our conclusions that the Board was not an appropriate law enforcement
authority within the meaning of section 554.002(b) of the Whistleblower Act and that Neal's belief 
that the Board was such an authority was unreasonable as a matter of law, we find that Neal's
pleadings affirmatively demonstrate that she does not allege a violation under the Whistleblower Act. 
See Lueck, 290 S.W.3d at 885-86. As a result, Neal has failed to establish a waiver of sovereign
immunity under section 554.0035 of the Whistleblower Act. See id. We therefore vacate the district
court's order and dismiss the cause for lack of subject-matter jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Vacated and dismissed

Filed: April 28, 2010
1. The Texas Whistleblower Act is codified in chapter 554 of the government code. See Tex.
Gov't Code Ann. §§ 554.001-.010 (West 2004 & Supp. 2009).
2. Neal does not allege that she "reported" the violations of which she complains to the
Commission.