# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00459-CV

**Texas Water Development Board, Appellant**

**v.**

**Lateefah Neal, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-08-000571, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Water Development Board appeals from the district court's denial of its motion for summary judgment in a suit under the Texas Whistleblower Act[1] by appellee Lateefah Neal arguing that the district court lacked subject-matter jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). Because Neal's reports of violations of the law were not made to "an appropriate law enforcement authority" within the meaning of the Whistleblower Act, we conclude the district court lacked subject-matter jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009). Accordingly, we vacate the district court's order and dismiss the cause for lack of jurisdiction.

---

[1] The Texas Whistleblower Act is codified in chapter 554 of the government code. *See* Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004 & Supp. 2009).

## BACKGROUND

Neal worked as a human resources manager for the Board from March 1 through December 6, 2007. She made various complaints to her immediate supervisors and the executive administrator of the Board that the Board was violating certain provisions of the labor code. In general, Neal alleged in her complaints that the Board was violating sections 21.452, 21.501, 21.504, and 21.552. *See* Tex. Labor Code Ann. §§ 21.452, .501, .504, .552 (West 2006). Although Neal contacted the Texas Workforce Commission "to make sure that her understanding of statutes applicable to the [Board] was correct," she did not report any alleged violations of the labor code to the Commission.

The Board terminated Neal's employment on December 6, 2007. Neal filed suit against the Board under the Whistleblower Act alleging retaliatory and adverse personnel action in response to her reports that the Board was violating the labor code. *See* Tex. Gov't Code Ann. § 554.002 (West 2004). The Board filed a motion for summary judgment based on immunity from suit, claiming that the trial court lacked subject-matter jurisdiction because Neal failed to make a good faith report of a violation of law to an appropriate law enforcement authority within the meaning of the Whistleblower Act. *See id.* § 554.002(a); *Lueck*, 290 S.W.3d at 878, 885-86. The trial court denied the Board's motion, and the Board filed this interlocutory appeal.

## ANALYSIS

The Board contends that the district court erred in denying its motion for summary judgment because Neal's reported violations of law were not made to an appropriate law enforcement authority within the meaning of section 554.002 of the Whistleblower Act. *See* Tex.

2

Gov't Code Ann. § 554.002. Because Neal did not report the alleged violations of law to an appropriate law enforcement authority within the meaning of the Whistleblower Act, the Board argues that sovereign immunity was not waived and the district court lacked subject-matter jurisdiction. *See Lueck*, 290 S.W.3d at 878. Neal counters that the district court's order denying the Board's motion was proper because the Board was required to comply with the labor code and, therefore, was an appropriate law enforcement authority under the Whistleblower Act.

### *Subject-matter jurisdiction*

Before reaching the merits of this appeal, we consider *sua sponte* the question of the trial court's jurisdiction, as well as our own. *Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). It is well established that parties may appeal only from final judgments and a limited category of interlocutory orders. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). As a general rule, this Court is without jurisdiction to review a trial court's denial of a motion for summary judgment. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966). However, subject-matter jurisdiction cannot be waived and may be raised for the first time on appeal. *Texas Ass'n of Bus.*, 852 S.W.2d at 445.

Although the Board argued in the district court below that the Board was not an appropriate law enforcement authority within the meaning of the Whistleblower Act, the Board did not assert in its motion for summary judgment that this pleading defect would deprive the district court of subject-matter jurisdiction over Neal's claim on the ground that sovereign immunity had not been waived. *See Lueck*, 290 S.W.3d at 882 ("[W]histleblower Act imposes a limited waiver of [sovereign] immunity that allows consideration of the section 554.002(a) elements, to the

3

extent necessary in determining whether the claim falls within the jurisdictional confines of section 554.0035."). The Board makes this argument for the first time on appeal. Because sovereign immunity from suit deprives a court of subject-matter jurisdiction, we may consider the Board's argument that Neal's reported violations of the labor code to her immediate supervisors and the executive administrator of the Board do not constitute a report to appropriate law enforcement authority within the meaning of the Whistleblower Act and, therefore, do not effect a waiver of sovereign immunity under section 554.0035. *See Texas Dep't of Transp. v. Garcia*, 293 S.W.3d 195, 196 (Tex. 2009) (per curiam) ("[W]hether Garcia's report of violations of the law to 'enforcement authorities within [TxDOT]' was a good faith report to an appropriate law enforcement authority is a jurisdictional question."); *see also Texas Ass'n of Bus.*, 852 S.W.2d at 445 (subject-matter jurisdiction may not be waived and may be raised for first time on appeal); *cf. Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (holding court of appeals erred in failing to reach merits of jurisdictional complaint raised for first time on appeal).

***Was the Board an "appropriate law enforcement authority"?***

To prevail on her whistleblower act claim, Neal must demonstrate that the Board was an appropriate law enforcement authority within the meaning of section 554.002 of the government code. *See Lueck*, 290 S.W.3d at 881 (plaintiff "must actually allege a violation of the Act for there to be a waiver [of immunity] from suit."). Section 554.002 provides:

> (a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing

> governmental entity or another public employee to an appropriate law enforcement authority.

> (b)    In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

>> (1)    regulate under or enforce the law alleged to be violated in the report; or

>> (2)    investigate or prosecute a violation of criminal law.

Tex. Gov't Code Ann. § 554.002. The legislature added subsection 554.002(b) in 1995 to define the term "appropriate law enforcement authority." *See id.*; *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 317 (Tex. 2002).

The supreme court considered this definition under the post-1995 Whistleblower Act for the first time in *Texas Department of Transportation v. Needham*. *See* 82 S.W.3d at 318. Construing the plain language of subsection 554.002(b), the supreme court held that "the statute defines that term as a governmental entity authorized to regulate under or enforce 'the law alleged to be violated in the report,' or to investigate or prosecute '*a violation of criminal law*.'" *Id.* at 320. Under the statutory definition, "[I]t is clearly not enough that a government entity has *general* authority to regulate, enforce, investigate, or prosecute." *Id.* at 319. The critical inquiry is whether the entity had authority to "regulate under or enforce" the particular law that the employee reported had been violated. *Id.* at 320.

The facts in *Needham* are similar to the facts in this case. In *Needham*, the plaintiff reported to his superiors that a co-worker had been driving while intoxicated. *Id.* at 316. After the department demoted Needham and placed him on probation for twelve months, Needham filed suit

5

under the Whistleblower Act. *Id.* at 316-17. Although the supreme court recognized that the department's internal disciplinary policies gave the department the power to discipline an employee for alleged violations of law, the supreme court found that the department lacked "authority to regulate under or enforce [ ] Texas's driving while intoxicated laws. Nor does it have authority to investigate or prosecute th[o]se criminal laws." *Id.* at 320 (citations omitted). The supreme court thus held, as a matter of law, that the department was not an appropriate law enforcement authority within the meaning of subsection 554.002(b). *Id.*; *see* Tex. Gov't Code Ann. § 554.002(b).

Applying the supreme court's analysis in *Needham* to the facts in this case, we conclude, as a matter of law, that the Board does not satisfy the statutory definition of "an appropriate law enforcement authority" under subsection 554.002(b) of the Whistleblower Act. Like Needham who reported violations of the state's driving while intoxicated laws to his superiors, Neal reported alleged violations of the labor code to her immediate supervisors and the executive administrator of the Board. *See Needham*, 82 S.W.3d at 316. In addition, like the department in *Needham*, the Board is not charged by the legislature with authority to regulate under or enforce the laws that Neal alleges were violated. *See* Tex. Gov't Code Ann. § 554.002(b(1); Tex. Lab. Code Ann. §§ 21.0015 (transferring authority from the Texas Commission on Human Rights to the Texas Workforce Commission), .003 (delegating authority to the Commission to investigate complaints alleging violations of chapter 21 and to file civil actions) (West 2006). Nor does the Board have authority to investigate or prosecute violations of the labor code or criminal law. *See* Tex. Gov't Code Ann. § 554.002(b)(2). Although the Board is required to comply with the labor code, regulatory compliance with statutory provisions does not equate to authority to "regulate under or

6

enforce" those provisions. *See id.*; *see also Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) (courts presume legislature chose its words carefully, that every word was included for some purpose, and every word excluded was omitted for a purpose). We therefore reject Neal's argument that the Board was "an appropriate law enforcement authority" within the meaning of the Whistleblower Act.

Nevertheless, our conclusion that the Board is not a governmental entity authorized to regulate under, enforce, investigate, or prosecute chapter 21 of the Texas Labor Code does not end our inquiry. *See Needham*, 82 S.W.3d at 320. Neal may still obtain protection under the Whistleblower Act if she believed in good faith that the Board was an appropriate law enforcement authority as that term is defined in subsection 554.002(b). *See id.*; *see also* Tex. Gov't Code Ann. § 554.002(b).

To determine whether Neal could have formed a good faith belief that the Board was an appropriate law enforcement authority within the meaning of the Whistleblower Act, we apply the two-part test established by the supreme court in *Wichita County v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996). *See Needham*, 82 S.W.3d at 320-21 (adopting good faith analysis in *Hart* and applying to subsection 554.002(b)); *see also Lueck*, 290 S.W.3d at 886 (citing *Needham*). Under this test and in the context of subsection 554.002(b), "good faith" means:

> (1)     the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and

> (2)     the employee's belief was reasonable in light of the employee's training and experience.

7

*Needham*, 82 S.W.3d at 321.

The parties agree that Neal was an experienced human resources manager. At all relevant times, Neal was employed by the Board as a human resource manager. The record reflects that Neal had over ten years experience in human resources work at four state agencies, including the Board, the Texas Building and Procurement Commission, the Texas Health and Human Services Commission, and the Texas Department of Health. Neal completed the Human Resource Management Program at the University of Texas at Austin, Continuing and Extended Education, and she had been certified by the Society of Human Resource Management since May 4, 2002.

Neal argues that she believed that the Board was authorized to regulate and enforce under the labor code because the Board was required to comply with the labor code. Assuming that Neal believed that the Board was authorized to regulate under or enforce the labor code or investigate or prosecute a violation of criminal law, we cannot conclude that Neal's belief was reasonable in light of her experience and training. *See id.*; *Reininger v. Texas Bldg. & Procurement Comm'n*, 259 S.W.3d 364, 368 (Tex. App.—Austin 2008, pet. denied). Neal had over ten years experience in human resources work for multiple state agencies. The record also reflects that she contacted the Texas Workforce Commission—*i.e.*, the agency charged with enforcing the labor code—to confirm whether the Board was required to comply with the provisions in the labor code that she now complains were violated by the Board.[2] Given her years of human resources experience and training, as well as her efforts to contact the Commission to determine what the Board was

---

[2] Neal does not allege that she "reported" the violations of which she complains to the Commission.

8

required to do in order to comply with the labor code, we hold that Neal could not have formed a reasonable, good faith belief that the Board was an appropriate law enforcement authority for the purpose of reporting the Board's alleged violations of the labor code. *See Needham*, 82 S.W.3d at 321; *Reininger*, 259 S.W.3d at 368. In other words, we conclude that any belief on the part of Neal that the Board was an appropriate law enforcement authority under section 554.002(b) was not a good faith belief and, as a matter of law, was unreasonable. *See Needham*, 82 S.W.3d at 321; *Reininger*, 259 S.W.3d at 368.

To the extent Neal argues that she formed a reasonable, good faith belief that the Board was an appropriate law enforcement authority to which she could report violations of the labor code because the Whistleblower Act incorporates the possibility that there could be more than one appropriate law enforcement authority by its use of the word "an" instead of "the," we reject that argument. While we agree with the general premise that there could be more than one appropriate law enforcement authority under the Whistleblower Act, Neal has specifically alleged violations of the labor code. Guided by *Needham* and *Lueck*, we conclude that Neal was required to report these alleged violations to the Commission—*i.e.*, the agency delegated by the legislature to regulate under or enforce the labor code. *See Lueck*, 290 S.W.3d at 885-86; *Needham*, 82 S.W.3d at 320-21.

We likewise reject Neal's argument that she was entitled to protection under the Whistleblower Act for reporting alleged violations of the Board's internal hiring practices, which Neal alleges did not comply with section 21.452 of the labor code. *See Harris County Precinct Four Constable Dep't v. Grabowski*, 922 S.W.2d 954, 956 (Tex. 1996) (holding Whistleblower Act did not apply to reported violations of constable's internal policies); *Ruiz v. City of San Antonio*,

9

966 S.W.2d 128, 130 (Tex. App.—Austin 1998, no pet.) (affirming dismissal of claims regarding violations of police department's internal policies); *see also City of Houston v. Kallina*, 97 S.W.3d 170, 174-75 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (on reh'g en banc) (same). The Whistleblower Act protects employees who report violations not only of statutes, but also of ordinances or "a rule adopted under a statute or ordinance." *See* Tex. Gov't Code Ann. § 554.001(1) (West 2004). In her briefing to this Court, Neal argues that she reported violations of the Board's internal hiring practices and that her reports were covered by labor code section 21.452. *See* Tex. Lab. Code Ann. § 21.452 (West 2006). We construe Neal to argue that the Board's internal hiring practices are rules adopted pursuant to section 21.452. *See id.*; Tex. Gov't Code Ann. § 554.001(1). Labor Code section 21.452 requires each state agency to develop and implement personnel policies and procedures that comply with chapter 21 of the labor code, "including personnel selection procedures that incorporate a workforce diversity program." *Id.* Assuming arguendo that the Board's internal hiring practices amounted to "a rule adopted under a statute or ordinance," *see* Tex. Gov't Code Ann. § 554.001(1), the fact remains that the Board does not regulate under or enforce chapter 21 of the labor code, including section 21.452. *See* Tex. Lab. Code Ann. §§ 21.0015, .003. Indeed, the legislature has expressly charged the Commission, not the Board, to review personnel policies to determine compliance with chapter 21. *See id.* § 21.453 (West 2006). We therefore reject Neal's argument that her allegations regarding violations of the Board's internal hiring practices give rise to a cause of action under the Whistleblower Act. *See Grabowski*, 922 S.W.2d at 956; *Kallina*, 97 S.W.3d at 174-75; *Ruiz*, 966 S.W.2d at 130.

## CONCLUSION

Based on our conclusions that the Board was not an appropriate law enforcement authority within the meaning of section 554.002(b) of the Whistleblower Act and that Neal's belief that the Board was such an authority was unreasonable as a matter of law, we find that Neal's pleadings affirmatively demonstrate that she does not allege a violation under the Whistleblower Act. *See Lueck*, 290 S.W.3d at 885-86. As a result, Neal has failed to establish a waiver of sovereign immunity under section 554.0035 of the Whistleblower Act. *See id.* We therefore vacate the district court's order and dismiss the cause for lack of subject-matter jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Vacated and dismissed

Filed:   April 28, 2010

11